IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES ARMSTEAD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-0013-JPG-DGW |
| ) | |
| RENE PAUL KARTERON and ) | |
| SCHNEIDER NATIONAL CARRIERS, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Charles Armstead, Jr. and Lavette Butler's Motion (Doc. 8) for Remand; Plaintiff Charles Armstead, Jr.'s Supplemental Motion (Doc. 29) for Remand; Plaintiff Charles Armstead, Jr.'s Motion (Doc. 31) for Oral Argument on Plaintiff's Motion for Remand; and Plaintiff Charles Armstead, Jr.'s Motion (Doc. 32) for Voluntary Dismissal.  The Defendants, Rene Paul Karteron and Schneider National Carriers, Inc., have responded to Plaintiff's Motion for Remand (Doc. 12) and Plaintiff's Supplemental Motion for Remand (Doc. 30).  Defendants have not filed a response to Plaintiff's Motion for Voluntary Dismissal and the 30 day period for a response has expired.

**I: Background**

Plaintiffs Charles Armstead, Jr. and Lavette Butler filed this suit on November 27th, 2013, in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois.  The Complaint alleges that the defendants, Rene Paul Karteron and Schneider National Carriers, Inc., were negligence in allegedly causing a motor vehicle accident that occurred on June 1, 2013, in Granite City, Illinois.

The plaintiffs, Charles Armstead, Jr. and Lavette Butler, are residents of Alton, Illinois. The defendant, Rene Paul Karteron, is a resident of California and defendant, Schneider National Carriers, Inc., is incorporated under the laws of Nevada and has its principal place of business in Wisconsin. There is no dispute on diversity.

The Affidavit attached to the Complaint at the time of filing states that," … the value of the case as to the Plaintiff, CHARLES ARMSTEAD, JR., is in excess of $50,000, but less than $75,000; and as to the Plaintiff, LAVETTE BUTLER, is in excess of $50,000." (Doc. 2, Exhibit A).

Based upon diversity and the amount in controversy, Defendants filed a Notice of Removal (Doc.2) pursuant to 28 U.S.C. §§ 1441 and 1446 on January 8, 2014. The Plaintiffs filed a Motion for Remand (Doc. 8) on January 28, 2014, and the Court notes that the Plaintiffs' Motion for Remand was filed within the 30 days required by 28 U.S.C. § 1447(c).

On June 4th, 2014, Plaintiff Lavette Butler filed a Motion for Voluntary Dismissal on the basis that discovery had disclosed she had a cause of action against plaintiff, Charles Armstead, Jr. and that she intended to file an Amended Complaint which, "…in turn will destroy diversity since both Lavette Butler and Charles Armstead, Jr. are residents of the State of Illinois." (Doc. 23). Plaintiff Lavette Butler's Motion for Voluntary Dismissal was granted on July 11, 2014, (Doc. 27) and her claims against the defendants were dismissed without prejudice.

Plaintiff Charles Armstead, Jr.'s Supplemental Motion and Memorandum of Law for Remand (Doc. 29) requests remand arguing that the value of his case, with Lavette Butler no longer a plaintiff, is less than the statutory requirements for this suit to remain in federal court. The Plaintiffs' Charles Armstead, Jr. and Lavette Butler Motion and Memorandum of Law for

Remand (Doc. 8) also brings forth the argument that this matter should be remanded based upon the *Colorado River Doctrine.*

Finally, Plaintiff Charles Armstead, Jr. filed a Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2) stating that this matter should be dismissed and refiled on the arbitration docket in Madison County, the place of the accident and the most convenient forum.

## II:  Discussion

### A. Amount in Controversy

Post-removal events to reduce the amount in controversy do not negate the establishment of a jurisdictionally sufficient amount at the time of removal.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).  Thus, even if the plaintiff makes an irrevocable promise after the case is removed not to accept more than the jurisdictional minimum, the Court would not be justified in remanding the case if federal jurisdiction existed at the time of removal.  *St. Paul*, 303 U.S. at 292-93;  *Rising-Moore*, 435 F.3d at 816;  *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*).  He may, however, prevent removal by filing a binding stipulation or affidavit prior to removal, *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006);  *Shell*, 970 F.2d at 356).

The Affidavit attached to the Complaint filed in State Court states in part, "…the value of the foregoing case as to the Plaintiff, Charles Armstead, Jr., is in excess of $50,000, but less than $75,000;…"   In the Counts involving Plaintiff Charles Armstead Jr., the prayers for relief state, "…in amount over $50,000.00 but less than $75,000.00."

Merely limiting a prayer for relief or attaching a non-binding affidavit does not lower the amount in controversy because, under both federal and Illinois rules, a prayer for relief or non-binding affidavit do not limit the awardable relief. See Fed. R. Civ. P. 54(c) ("Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"); 735 ILCS 5/2–604 ("the prayer for relief does not limit the relief obtainable"). An Affidavit executed by Plaintiff's counsel is not binding on the Plaintiff nor are the prayers for relief.

Further, 735 ILCS 5/2-604 provides that a complaint filed which contains an *ad damnum* within the prayer for relief, except to the minimum extent necessary to comply with the circuit rules of assignment, can be dismissed without prejudice on motion of a defendant or on the court's own motion. As such, the Complaint (and affidavit thereto) could be amended or dismissed.

"Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana v. Coca-Cola Company*, 472 F.3d 506, 511, *citing St. Paul Mercury Indem. Co. v. Red Cab Co*. 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Meridian Sec.*, 441 F.3d at 541. Although Plaintiff Charles Armstead Jr.'s prayers for relief and Affidavit indicate that the amount in controversy is more than $50,000 and less than $75,000, that is expansive and not a legal certainty. Plaintiff Charles Armstead Jr. argues that the demand in the amount of $60,000 is a further indication of the amount in controversy; however, the Court would note that the demand was made prior to the suit being filed and is also not a legal certainty that the claim is less than the jurisdictional amount.

The injuries alleged in the Complaint (Doc. 2, Exhibit A) are that Plaintiff Charles Armstead, Jr. suffered injuries to his entire body, incurred medical bills and lost wages, and continues to be caused pain and suffering. He also alleges the total loss of his motor vehicle. Although the Court has no firm numbers as to medical bills, wages, or the value of the Plaintiff's vehicle, it is a reasonable inference that the Plaintiff could be awarded in excess of $75,000.00 if he should prevail in this matter. As stated above, only a binding stipulation or affidavit is sufficient to lower the amount in controversy and Plaintiff has not executed either document.

B. *The Colorado River Doctrine*

The Plaintiffs' Motion and Memorandum of Law for Remand (Doc. 8) raises the argument that this matter should be remanded based on the *Colorado River Doctrine,* which outlines the circumstances permitting dismissal of a federal suit due to the presence of a concurrent state proceeding. Dismissal for, "wise judicial administration.." in the event of concurrent jurisdiction requires, "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise.". *Colorado River Water Conservation District et. al. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L. Ed. 483 (1976). It is noted that, "Only the clearest of justifications will warrant dismissal." *Id*, at 819.

In this regard, Plaintiffs state that this matter is parallel to the *Glen* suit and that counsel for Mary Johnson has indicated that she is going to file a lawsuit involving the same parties. "Thus, there are going to be at least three state lawsuits that are parallel to the Butler's suit if it is not remanded." (Doc. 8, pg 7.) However, at this time, the *Glen* matter is actually the only suit pending in State court. Speculations on other matters that may potentially be filed have no bearing on the matter at hand.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in Federal court having jurisdiction …'" *Id* at 817, citing *McClellan v. Carland,* supra, 217 U.S. 268, 282, 30 S. Ct. 501, 505, 54 L.Ed. 762, 767 (1910).  "As the Court says, it is the virtual 'unflagging obligation' of a federal court to exercise the jurisdiction that has been conferred upon it." *Id* at 825.

The Court acknowledges that avoiding piecemeal litigation is a strong factor weighing in favor of remand; however, as noted above, only the *Glenn* suit has currently been brought and the remaining suits are speculation.

Finally, the Court addresses Plaintiff Charles Armstead, Jr.'s Motion (Doc. 32) for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2).  The basis of Plaintiff's motion is that this matter should be dismissed and refiled on the arbitration docket in Madison County, the place of the accident and the most convenient forum.

A plaintiff may voluntarily dismiss a case after a defendant has filed an answer only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). When considering a motion to dismiss pursuant to Rule 41(a)(2), the court must determine whether a defendant "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir. 1971).

The Defendants have not responded to Butler's motion and there is no indication that they will suffer any plain legal prejudice other than facing a second lawsuit in state court. Further, this Court is not aware of any circumstances that would cause defendants to suffer plain legal prejudice and the Court finds terms and conditions presented as proper.

### III:  Conclusion

The Court finds that the pleadings and the motion papers are sufficient and oral arguments are not necessary for a determination on the Motions.  Therefore, Plaintiff's Motion (Doc. 31) for Oral Argument on Plaintiff's Motion for Remand is **DENIED**.

The Parties do not dispute that there is diversity and the Court finds that amount in controversy exceeded $75,000 at the time of removal.  Therefore, the minimal amount in controversy to support diversity jurisdiction is met and this matter does not meet the exception circumstances of the *Colorado River Doctrine*.

Therefore, the Plaintiffs' Charles Armstead, Jr. and Lavette Butler Motion (Doc. 8) for Remand (Doc. 8) is **DENIED** and Plaintiff's Charles Armstead, Jr. Supplemental Motion (Doc. 29) for Remand is **DENIED**.

Other than facing a second lawsuit in state court, this Court is not aware of any circumstances that would cause defendants to suffer plain legal prejudice and Defendants did not file any objections to the Motion.  Accordingly, the Court **GRANTS** Plaintiff Charles Armstead, Jr.'s Motion (Doc. 31) to Dismiss and **DISMISSES** Plaintiff's claims against the Defendants without prejudice.  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED:**  11/3/2014

                                                s/J. Phil Gilbert  
                                                **J. PHIL GILBERT**  
                                                **DISTRICT JUDGE**